UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
LAZARE KAPLAN INTERNATIONAL INC.,    :
                                     :
                    Plaintiff,       :
                                     :  Civil Action No. 1:10-CV-3615-MGC
        - against -                  :
                                     :  ECF Case
SWISS RE INTERNATIONAL SE, UK        :
BRANCH, SR INTERNATIONAL BUSINESS    :
INSURANCE COMPANY LIMITED, CERTAIN   :
UNDERWRITERS AT LLOYD'S (Syndicates  :
1414, 2488, 3210, 457, 2001 and 1084), and THE :
MARINE INSURANCE COMPANY LIMITED,    :
                                     :
                    Defendants.      :
------------------------------------x

**LAZARE KAPLAN INTERNATIONAL INC.'S ANSWER TO PRIMARY POLICY INSURERS' COUNTERCLAIMS**

Lazare Kaplan International Inc. ("LKI"), by its attorneys, Herrick, Feinstein LLP and Arent Fox LLP, as and for its Answer to the Counterclaims filed in this action by Defendants Swiss Re International SE/SR International Business Insurance Company Limited and Certain Underwriters at Lloyd's (Syndicates 1414, 2488, 3210, 457, and 2001) (collectively "Defendants") on or about March 1, 2011 (the "Counterclaims"), hereby states as follows:

1. LKI admits the allegations contained in paragraph 1 of the Counterclaims.

2. LKI admits the allegations contained in paragraph 2 of the Counterclaims.

3. LKI admits the allegations contained in paragraph 3 of the Counterclaims.

4. LKI admits the allegations contained in paragraph 4 of the Counterclaims.

5. LKI admits that jurisdiction is proper in this Court.

6. LKI admits that venue is proper in this Court.

7. LKI states that it shall herein refer herein to the Agreement for Interim Payment as the "Interim Payment Agreement," and admits that LKI and Defendants entered into the Interim Payment Agreement effective as of December 31, 2009, and that the Interim Payment Agreement was amended by the Amendment to Agreement for Interim Payment dated February 24, 2010.

8. LKI states that paragraph 8 of the Counterclaims sets forth legal argument and conclusions to which no response is required. To the extent a response is required, LKI denies the allegations contained in paragraph 8 of the Counterclaims, except admits that Defendants agreed to pay LKI $28 million pursuant to the Interim Payment Agreement. LKI further admits that the term "Insured Interest" is defined in the Interim Payment Agreement as meaning "those interest defined as 'Insured Interest' in the Global Policies." LKI further admits that "Termination Date" is defined in the Interim Payment Agreement as meaning "the latest date

upon which Underwriters (a) pay any such further indemnity to LKI in return for a final release for the same; (b) otherwise secure a policy release for the Global Policies with LKI or, in the event of litigation, between the parties; (c) such litigation is concluded either through settlement or judgment (after exhaustion of all appeals and motions)." LKI further admits that the Global Policies were modified as set forth in the Interim Payment Agreement. With regard to Defendants' purported quotations of the Interim Payment Agreement, LKI states that the document speaks for itself, that Defendants have accurately quoted from paragraphs 13 and 20 of the Interim Payment Agreement, that Defendants have partially quoted from paragraph 11 of the Interim Payment Agreement but have altered the phrase "its contract of insurance" to read "[their] contract of insurance." LKI further states that it incorporates the full terms of the Interim Payment Agreement, and denies all allegations contained in paragraph 8 of the Counterclaims to the extent such allegations are inconsistent therewith.

9.     LKI states that paragraph 9 of the Counterclaims sets forth legal argument and conclusions to which no response is required. To the extent a response is required, LKI denies the allegation contained in paragraph 9 of the Counterclaims, except admits that Defendants timely made an Interim Payment of $28 Million to LKI, that counsel for Defendants sent two letters to counsel for LKI, both dated May 3, 2010 (the "May 3rd Letters"). LKI further states that those documents speak for themselves and are incorporated herein in their entirety. LKI further states that counsel for Defendants sent additional correspondence to counsel for LKI relating to LKI's claims submitted pursuant to the Global Policies.

10.    LKI states that paragraph 10 of the Counterclaims sets forth legal argument and conclusions to which no response is required. To the extent a response is required, LKI denies the allegations contained in paragraph 10 of the Counterclaims, except admits that

Defendants have accurately quoted paragraph 27 of the Interim Payment Agreement. LKI further incorporates the full terms of the Interim Payment Agreement, and denies all allegations contained in paragraph 10 of the Counterclaims to the extent such allegations are inconsistent therewith.

11. LKI repeats and realleges the answers contained in paragraphs 1 through 10 of this Answer as if fully set forth herein.

12. LKI states that paragraph 12 of the Counterclaims sets forth legal argument and conclusions to which no response is required. To the extent a response is required, LKI denies the allegations contained in paragraph 12 of the Counterclaims. Responding further, LKI incorporates the full terms of LKI's Third Amended Complaint.

13. LKI states that paragraph 13 of the Counterclaims sets forth legal argument and conclusions to which no response is required. To the extent a response is required, LKI denies that it breached the Interim Payment Agreement, but admits that Defendants disagree with the positions taken by LKI with respect to the Interim Payment Agreement and avers that Defendants breached and/or failed to meet conditions precedent with respect to the Interim Payment Agreement as set forth in LKI's Third Amended Complaint. LKI further admits that an actual controversy exists between Defendants and LKI with regard to the Interim Payment Agreement. LKI further denies any allegations contained in paragraph 13 of the Counterclaims that are inconsistent with the foregoing.

14. LKI states that paragraph 14 of the Counterclaims sets forth legal argument and conclusions to which no response is required. To the extent a response is required, LKI denies each and every allegation contained in paragraph 14 of the Counterclaims.

15. LKI repeats and realleges the answers contained in paragraphs 1 through 14 of this Answer as if fully set forth herein.

16. LKI states that paragraph 16 of the Counterclaims sets forth legal argument and conclusions, and is based on a hypothetical to which no response is required. To the extent a response is required, LKI denies the allegations contained in paragraph 16 of the Counterclaims.

17. LKI states that paragraph 17 of the Counterclaims sets forth legal argument and conclusions to which no response is required. To the extent a response is required, LKI denies the allegations contained in paragraph 17 of the Counterclaims. LKI further states that Paragraph 4 of the Interim Payment Agreement expressly states that:

> Underwriters shall pay Lazare Kaplan International, Inc. $28,000,000 within fourteen (14) calendar days after receiving a fully executed copy of this Agreement. The aforementioned Interim Payment shall be made by means of a wire transfer to account as set forth in the attached Wire Instructions. **Except as set forth in Paragraph 11 below, Underwriters waive and release any right to recover this amount, directly or indirectly by any means, from LKI either by way of offset, setoff, recoupment, counterclaim or otherwise.** (emphasis added)

LKI incorporates by reference herein Paragraph 4 of the Interim Payment Agreement.

## ADDITIONAL DEFENSES

1. Defendants' Counterclaims against LKI are barred, in whole or in part, by the doctrine of unclean hands.

2. Defendants' Counterclaims against LKI are barred, in whole or in part, by the doctrine of laches.

3. Defendants, by act, admission, omission, and/or conduct, are estopped, in whole or in part, from obtaining the relief sought in the Counterclaims against LKI.

4

4. Defendants, by act, admission, omission, and/or conduct, have waived, in whole or in part, any right to obtain the relief sought in the Counterclaims against LKI.

5. Defendants have waived their right to obtain the relief sought in the Counterclaims against LKI based on the terms of the Interim Payment Agreement, which LKI has incorporated herein.

6. Defendants failed to satisfy conditions precedent and to meet their other obligations necessary to establish and support the Counterclaims.

7. Defendants breached the Interim Payment Agreement by failing to perform their express obligations thereunder.

8. Defendants breached the duty of good faith and fair dealing as set forth in the Third Amended Complaint.

9. Defendants are estopped from obtaining the relief sought in the Counterclaims against LKI based on, among other things, the fact that the Defendants benefited from the Interim Payment Agreement through LKI's continued investigations of the Missing Diamonds and LKI's cooperation with Defendants with regard to such investigations.

10. Defendants are estopped from obtaining the relief sought in the Counterclaims against LKI based on, among other things, the fact that LKI suffered as a result of the Interim Payment Agreement due to the wasted time, effort and expense LKI employed in continuing to investigate the Missing Diamonds and the harm caused to LKI's dealings with the American Stock Exchange and the delisting of its stock as a result of Defendants failure to meet their obligations under the Interim Payment Agreement.

11. Representations made by Defendants, and relied upon by LKI, at the time the Interim Payment Agreement was negotiated constitute material misrepresentations or

estoppel precluding Defendants from now asserting inconsistent positions to the detriment of LKI.

12. The express recital in the Interim Payment Agreement that "LKI timely submitted its Claims under the Global Policies against Underwriters for losses to certain Insured Interests," constitutes estoppel precluding Defendants from asserting inconsistent positions to the detriment of LKI.

13. Components of the Counterclaims fail to state a claim on upon which relief may be granted.

14. Defendant is precluded from recovering attorneys' fees from LKI under applicable provisions of law.

15. At all times, LKI acted reasonably and in accordance with the law, and without willfulness, malice, gross negligence, or reckless disregard for the rights of others and, under New York law, cannot be held liable on the basis alleged by Defendants.

16. LKI reserves the right to raise any other additional defense that cannot now be reasonably determined or which may become available.

***

WHEREFORE, LKI respectfully requests that the Court dismiss the Counterclaims against LKI, award LKI the costs of defending against the Counterclaims, including reasonable attorneys' fees, costs and disbursements, and grant LKI such further relief as the Court may deem just and proper.

## JURY DEMAND

LKI hereby requests a trial by jury.

Dated: New York, New York
       March 22, 2011

          HERRICK, FEINSTEIN LLP

          By: *[signature]*
          Christopher J. Sullivan (csullivan@herrick.com)
          Jason A. D'Angelo (jdangelo@herrick.com)

          2 Park Avenue
          New York, New York 10016
          (Tel)  212-592-1400
          (Fax) 212-592-1500

          Elliott M. Kroll, Esq.
          ARENT FOX PLLC
          1675 Broadway
          New York, NY 10019
          (212) 484-3900

          *Attorneys for Lazare Kaplan International Inc.*